IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
6/9/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, as subrogee of Washington and Lee University, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No: 6:23cv00033 |
| PYE-BARKER FIRE & SAFETY, LLC, (F/K/A GREER SUPPLY COMPANY), | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Continental Casualty Company, as subrogee of Washington and Lee University, by counsel, for its Complaint against Defendant Pye-Barker Fire & Safety, LLC, states as follows:

### PARTIES

1. Plaintiff Continental Casualty Company ("Continental Casualty"), is an Illinois corporation approved as an insurer in the Commonwealth of Virginia. Continental Casualty provided a policy of insurance to Washington and Lee University (W&L) for damages to its property, including the Hillel House located at 117 W. Washington Street, Lexington, Virginia (the "Property"). This insurance was provided and issued under Continental Casualty policy number 5084750204.

2. Defendant Pye-Barker Fire & Safety, LLC (formerly known as Greer Supply Company) ("Pye-Barker") is a limited liability company organized and operating pursuant to the laws of the State of South Carolina, with a principal place of business in Alpharetta, Georgia. At

all times relevant hereto, Pye-Barker was authorized to conduct business in the Commonwealth of Virginia. Pye-Barker can be served through its registered agent: Corporation Service Company, 100 Shockoe Slip, Fl. 2, Richmond, Virginia 23219-4100.

## JURISDICTION AND VENUE

3. This lawsuit arises between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, this Court has jurisdiction over this dispute under 28 U.S.C. § 1332(a).

4. Venue is proper in the district and division because the events giving rise to the loss occurred at 117 W. Washington Street, Lexington, Virginia. Pursuant to 28 U.S.C. § 1391 and Local Rule 2(a)(6), the property where the loss occurred is situated in the Lynchburg Division of this Court.

## FACTS

5. Prior to March 15, 2021, a range hood fire suppression system was installed at the Property.

6. Greer Supply Company, Incorporated, performed code required inspection, testing, and maintenance ("ITM") of the system from the date of installation.

7. Each ITM record indicated all required maintenance steps were taken and the system was installed according to manufacturer's specifications.

8. Pye-Barker acquired Greer Supply Company in or around March 2020. Pye-Baker's representatives continued to conduct the ITM at the Property.

9. On or about March 15, 2021 a fire occurred on the cooktop range in the Property's kitchenette.

10. After the fire started, the fusible links in the hood above the range melted, but the fire suppression system did not discharge.

11. Further, the alarm sensor tied to the fusible links and the high limit temperature switch in the range did not alert the local fire department of the fire.

12. Two sprinkler heads on the ceiling of the kitchenette activated after approximately 45 minutes, controlling the fire.

13. As a result of the fire incident and subsequent water discharge, W&L sustained damages to its real property, personal property, and contents.

14. Continental Casualty reimbursed W&L in the amount of $533,766.51 for damages sustained, and W&L incurred a $25,000.00 deductible, resulting in $558,766.51 in total damages.

15. By virtue of its payments, Continental Casualty is subrogated to W&L's right or recovery against any third party, including Pye Barker, for damages arising out of the aforementioned incident.

## COUNT I
### *NEGLIGENCE*

16. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 2 through 15 above as if fully restated herein.

17. Defendant had a duty to use reasonable care to protect and not harm the Property.

18. Defendant had a further duty to hire competent agents, servants, employees, vendors, contractors, or subcontractors to perform ITM on the subject hood range system.

19. Defendant breached its duties through its negligent acts or omissions and/or the negligent acts and omissions of its agents, servants, employees, vendors, contractors, or subcontractors in one or more of the following ways:

      a.      Failing to perform its work in accordance with the manufacturer's instructions;

      b.      Failing to properly perform its work by deviation from applicable codes and industry standards relating to the service, cleaning, inspection, testing, and/or maintenance of the range hood system;

      c.      Failing to properly perform its work which would have identified the system was not installed in accordance with the manufacturer's specifications;

      d.      Creating or permitting a dangerous or defective condition to exist when Defendant knew or should have known that such condition would create an unreasonable risk of damage to the Property;

      e.      Violating applicable industry standards and codes;

      f.      Failing to use due care in other ways that may be disclosed or determined through discovery.

20.      As a direct and proximate result of the negligence, carelessness, and negligent omissions of Defendant and/or its agents, servants, employees, vendors, contractors, and/or subcontractors, W&L suffered damages described herein, which damages were reimbursed, in party, by Continental Casualty.

## COUNT II
### *BREACH OF CONTRACT*

21.      Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 2 through 15 above as if fully restated herein.

22.      Defendant is a company specializing in fire safety who, among other things, inspects, tests, and maintains range hood systems such as that described herein.

23.      Defendant contracted to performed ITM on the system from the date of installation in or around 2011.

24.      Defendant holds itself out as a fire systems specialist having the requisite knowledge, skill and expertise regarding ITM of range hood systems such as that described herein.

25. Defendant, its employees, agents, servants, subcontractors and/or representatives breached its contract with W&L by:

    a. Failing to perform its work in accordance with the manufacturer's instructions;

    b. Failing to properly perform its work by deviation from applicable codes and industry standards relating to the service, cleaning, inspection, testing, and/or maintenance of the range hood system;

    c. Violating applicable industry standards and codes;

    d. Otherwise failing in other ways that may be disclosed or determined through discovery.

26. As a direct and proximate result of Defendant's and/or its employees, agents, servants, subcontractors, and/or representatives, breach of its contract with W&L, W&L suffered the damages described herein, which damages were reimbursed, in part, by Continental Casualty.

WHEREFORE, Plaintiff prays this Court enter a judgment in its favor against the Defendant in the amount of $533,766.51, award pre and post judgment interested as allowed by law plus the costs of this action, and grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

CONTINENTAL CASUALTY COMPANY

By: s/ Zachary M. Jett
Zachary M. Jett, Esq. (VSB No. 93285)
Butler Weihmuller Katz Craig, LLP
11605 N. Community House Road, Suite 150
Charlotte, North Carolina  28277
Telephone: (704) 543-2321
Facsimile: (704) 543-2324
Email: zjett@butler.legal