CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/19/2024
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
       DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, as subrogee of Washington & Lee University, | |
| *Plaintiff*, | |
| v. | CASE NO. 6:23-cv-00033 |
| PYE-BARKER FIRE & SAFETY, LLC (F/K/A GREER SUPPLY COMPANY), | MEMORANDUM OPINION & ORDER |
| *Defendant / Third-Party Plaintiff*, | |
| v. | JUDGE NORMAN K. MOON |
| NEW CHAPCO, LLC, | |
| *Third-Party Defendant*. | |

This matter is before the Court on Third-Party Defendant New Chapco, LLC's Motion to Dismiss Pye-Barker's Third-Party Complaint. Dkt. 23. For the following reasons, the Court will grant in part and deny in part New Chapco's Motion to Dismiss.

On March 15, 2021, a fire occurred on the cooktop range in the subject property on W. Washington Street in Lexington. Dkt. 11 ("Third-Party Compl.") ¶ 8. Plaintiff, Continental Casualty Insurance had provided an insurance policy to Washington & Lee for damages to its property, including the subject property. *Id.* ¶ 1. Continental alleges that a range hood fire suppression system over the cooktop range was being inspected by Defendant Pye-Barker Fire & Safety and its predecessor company. *Id.* ¶ 7. According to Continental, however, when the fire broke out, an alarm sensor on the fire suppression system did not timely alert the fire department, and the fire suppression system did not discharge. *Id.* ¶ 9. Therefore, while sprinklers in the

1

kitchenette ultimately activated after about 45 minutes, significant damage to the property had been sustained. *Id.* ¶¶ 9–10.

Continental brought suit against Pye-Barker for damages sustained in the fire, raising negligence and breach of contract claims. Dkt. 20 ("Am. Compl.") ¶¶ 17–27. Pye-Barker both filed a Motion to Dismiss Continental's Amended Complaint, and also filed a Third-Party Complaint against Third-Party Defendant New Chapco. Dkts. 11, 18. In the Third-Party Complaint, Pye-Barker brought two claims against New Chapco: common law indemnification, and contribution. Third-Party Compl. ¶¶ 18–26. For its part, New Chapco then filed a Motion to Dismiss Pye-Barker's Third-Party Complaint, Dkt. 23, presently before the Court.

In a Memorandum Opinion and Order, the Court granted in part and denied in part Pye-Barker's Motion to Dismiss Continental's Amended Complaint against it. *See* Dkt. 30. For the reasons set forth therein, the Court dismissed Continental's negligence claim against Pye-Barker. However, Continental's breach of contract claim against Pye-Barker survives in the underlying Amended Complaint. *Id.* at 12.

The Court now addresses New Chapco's Motion to Dismiss Pye-Barker's Third-Party Complaint against New Chapco. Dkt. 23.

Pye-Barker's first claim against New Chapco is for "common law indemnification." Third-Party Compl. ¶¶ 18–24. Under Virginia law,[1] to state a claim for equitable or common law indemnification, "a party must demonstrate that, despite having no 'personal fault,' it 'is nevertheless legally liable for damages caused by the negligence of another'; the innocent-yet-liable party can then 'recover from the negligent actor for the amounts paid to discharge the liability.'" *AIU Ins. Co. v. Omega Flex*, No. 3:11-cv-23, 2012 WL 1119791, at *3 (W.D. Va.

---

[1] There is no dispute that Virginia law applies.

2

Apr. 3, 2012) (quoting *Carr v. Home Ins. Co.*, 463 S.E.2d 457, 458 (Va. 1995)). Moreover, Virginia law provides that "[a] prerequisite to recovery based on equitable indemnification is the initial determination that the negligence of another person caused the damage." *Carr*, 463 S.E.2d at 458; *see also Williams ex rel. Williams v. United States*, 469 F. Supp. 2d 339, 342 (E.D. Va. 2007) (same).

New Chapco argues that the equitable indemnification claim should be dismissed because there has been no "initial determination that the negligence of another person [i.e., New Chapco] caused the damage," and so that "prerequisite to recovery" is lacking. *See Carr*, 463 S.E.2d at 458. The Court will not dismiss the claim on this basis. Pye-Barker has *alleged* such negligence in the Third-Party Complaint, alleging, among other things, that New Chapco was "the sole, active and proximate cause of any damages" to the property, and that the fire and resulting damage "were caused by a design and/or manufacturing defect in the range hood fire suppression system" manufactured by New Chapco. Third-Party Compl. ¶¶ 20–21. Various courts have explained that for a plaintiff to ultimately *recover* damages by the target indemnitor, they must demonstrate negligence by that party, but to simply assert a plausible claim to relief, "they may merely allege negligence in the complaint." *See Sedar v. Boston Props. Ltd. P'ship*, No. 1:18-cv-1111, 2019 WL 13331581, at *2 (E.D. Va. Feb. 12, 2019); *accord Williams ex rel. Williams v. United States*, 469 F. Supp. 2d 339, 343 (E.D. Va. 2007). Moreover, Rule 14 of the Federal Rules of Civil Procedure provides a procedural mechanism to allow "a defendant to join third-party defendants against which the defendant has an indemnification or contribution claim." *Fed. Grp., Inc. v. Callas Contractors, Inc.*, No. 3:08-cv-156, 2009 WL 10690447, at *3 (N.D. W. Va. Mar. 13, 2009). And, though Rule 14 does not affect state substantive rights, "even if liability under state law is contingent or derivative," the rule can support "mak[ing] the indemnitor a

3

party to the original action and thus avoid the inconvenience and expense of instituting a separate indemnity suit." *Id.* at *3–4 (citation omitted).²

Pye-Barker also brings a contribution claim against New Chapco. Third-Party Compl. ¶¶ 25–26. "Virginia common law does not include a right of contribution," rather, contribution is a product of Virginia statutory law. *See Deutsche Bank Nat'l Trust v. Buck*, 3:17-cv-833, 2019 WL 1440280, at *7 (E.D. Va. Mar. 29, 2019) (citations omitted). Under Virginia Code § 8.01-34, "[c]ontribution among wrongdoers may be enforced when the wrong results from negligence and involves no moral turpitude." Under the doctrine of contribution, "*a joint tortfeasor* may seek relief where there is 'an inequitable burden placed upon him by reason of the refusal of another to perform such other's duty by paying his honest share of the common obligation.'" *Frempong v. Thiel*, No. 1:23-cv-1592, 2024 WL 3732444, at *4 (E.D. Va. Aug. 8, 2024) (emphasis added) (quoting *Shiflet v. Eller*, 319 S.E.2d 750, 754 (Va. 1984)). Section 8.01-34 gives a right of contribution "only where the person injured has a right of action against two persons for the same indivisible injury. Though the concurring negligence of two persons may have resulted in an indivisible injury to a third, *if the third person has a cause of action against only one of them, that one cannot enforce contribution from the other*." *Va. Elec. & Power Co v. Wilson*, 277 S.E.2d 149, 150 (Va. 1981) (citation omitted) (emphasis added). Here, because the Court has already concluded that Continental did not state a plausible negligence claim against Pye-Barker,

---

² Certain precedent by the Court is to the contrary. *AIU Ins. Co. v. Omega Flex, Inc.*, No. 3:11-cv-23, 2012 WL 1119791, at *3 (W.D. Va. Apr. 3, 2012). However, the Court is persuaded by *Sedar* that "the operative word" is "recovery" from *Carr*'s statement that "[a] prerequisite to *recovery* based on equitable indemnification is the initial determination that the negligence of another person caused the damage." 2019 WL 13331581, at *2 (emphasis added). As such, the Court concludes that allegations of negligence can support a plausible equitable indemnification claim at this stage of litigation.

Dkt. 30 at 3–8, 12, Pye-Barker and New Chapco are not "joint tortfeasors." Therefore, Pye-Barker's claim of contribution must fail.

Finally, New Chapco argues that Continental's Amended Complaint should be dismissed because it violates the "made-whole" or "make-whole" doctrine. Dkt. 24 at 7–9. This "is a general equitable principle of insurance law that, absent an agreement to the contrary, an insurance company may not enforce a right to subrogation until the insured has been fully compensated for her injuries, that is, has been made whole." *Sustainable Sea Prods. Int'l, LLC v. Am. Empire Surplus Lines Ins. Co.*, No. 3:21-cv-697, 2022 WL 3573247, at *7 (E.D. Va. Aug. 19, 2022) (citation omitted). Based on the made-whole doctrine, New Chapco argues that Continental "has no right of subrogation as it has never made its insured whole," specifically because the Amended Complaint states that W&L sustained $558,766.51 in damages, but that Continental only paid $533,766.51 for the loss. Dkt. 24 at 8 (citing Am. Compl. ¶ 14). The remainder was a $25,000 deductible that W&L incurred. *Id.* Thus, according to New Chapco, because Continental has not made W&L "whole," and this $25,000 deductible was not covered by Continental, Continental "has no right to seek subrogation as its rights have not accrued …." Dkt. 24 at 8.

Continental raises several arguments for why the made-whole doctrine does not support dismissal, including that most cases involving the doctrine are in materially different postures, as they "all involve situations where an insurer sought reimbursement from its own insured." *See* Dkt. 27 at 8. Continental also cites authority concluding that the made-whole doctrine does not apply to deductibles.[3]

---

[3] *See, e.g.*, *Fireman's Fund Ins. Co. v. TD Banknorth Ins. Agency, Inc.*, 72 A.3d 36, 47 (Conn. 2013) (explaining that "the make whole doctrine is the default rule under Connecticut law," but that the doctrine does not "appl[y] to insurance policy deductibles").

The Court concludes it would be premature to address the parties' arguments concerning the made-whole doctrine at this time. That is because courts generally have treated the made-whole doctrine as "a default rule," and as such, "the parties can contract out of the doctrine." *Cagle v. Bruner*, 112 F.3d 1510, 1521 (11th Cir. 1997) (citing *Barnes v. Indep. Auto. Dealers Ass'n*, 64 F.3d 1389, 1395 (9th Cir. 1995), and *Cutting v. Jerome Foods, Inc.*, 993 F.2d 1293, 1297 (7th Cir. 1993)); *see also Sustainable Sea Prods.*, 2022 WL 3573247, at *7 ("Because the make whole doctrine is a default rule, the parties can contract out of the doctrine."). The precise language of Continental's policy is not presently before the Court and is not included in the Amended Complaint, Third Party Complaint, or filings before the Court. *See Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (explaining that, on a motion to dismiss under Rule 12(b)(6), the court asks "whether, accepting all a complaint's well-pleaded allegations as true, it states a claim to relief that is plausible on its face"). Continental's policy will, however, be discoverable, and its language will add material context to the issue whether (and if so, to what extent) the made-whole doctrine applies. Rather than stray beyond the allegations in the complaint, the Court will deny New Chapco's motion to dismiss on this ground, *without prejudice*.

For these reasons, the Court hereby will **GRANT in part** New Chapco's motion to dismiss Pye-Barker's Third-Party Complaint, **dismissing** Pye-Barker's claim of contribution. In all other respects, the Court will **DENY in part** New Chapco's motion to dismiss. Dkt. 23. New Chapco's argument concerning the made-whole doctrine may be raised after discovery, if it so chooses.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion & Order to all counsel of record.

Entered this ___19th___ day of August, 2024.

                                            /s/ Norman K. Moon
                                            NORMAN K. MOON
                                            SENIOR UNITED STATES DISTRICT JUDGE