CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

1/9/2025

LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, as subrogee of Washington & Lee University, <br><br> *Plaintiff*, <br><br> v. <br><br> PYE-BARKER FIRE & SAFETY, LLC (F/K/A GREER SUPPLY COMPANY), <br><br> *Defendant / Third-Party Plaintiff*, <br><br> v. <br><br> NEW CHAPCO, LLC, <br><br> *Third-Party Defendant*. | CASE NO. 6:23-cv-00033 <br><br> <u>MEMORANDUM OPINION & ORDER</u> <br><br> JUDGE NORMAN K. MOON |

Defendant/Third-Party Plaintiff Pye-Barker Fire & Safety, LLC ("Pye-Barker") moves to dismiss its Third-Party Complaint against New Chapco, LLC ("New Chapco") without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).[1] Dkt. 36 and 37. New Chapco opposes the motion and moves for a dismissal with prejudice. Dkt. 38. For the following reasons, Pye-Parker's Motion is **GRANTED** and New Chapco's motion is **DENIED**.

<u>Background</u>

Plaintiff Continental Casualty Company ("Continental Casualty") brought this suit for negligence and breach of contract stemming from a cook-top fire against Pye-Barker in June 2023. Dkt. 1. Pye-Barker filed a Third-Party Complaint against New Chapco for indemnification

---

[1] Pye-Barker originally cited Fed. R. Civ. P. 41(a)(1) but clarified the relied-upon authority in its Reply Memorandum in Support of Motion for Voluntary Dismissal (Dkt. 39).

and contribution in August 2023. Dkt. 11. On August 19, 2024, the Court granted New Chapco's motion to dismiss the contribution claim but allowed the claim for indemnification to go forward. Dkt. 31. Continental Casualty voluntarily dismissed its claims against Pye-Barker with prejudice on December 3, 2024, and Pye-Barker now moves to dismiss its Third-Party Complaint against New Chapco without prejudice. Dkt. 40, Dkt. 36. New Chapco argues that its dismissal should be *with* prejudice.

Discussion

 New Chapco contends that the Third-Party claim should be dismissed with prejudice as "there is no reason that these claims should not be fully resolved either by dismissal or by Pye-Barker prosecuting those claims it brought." Dkt. 38 ¶ 9. New Chapco argues that its has been subjected to more of a year of litigation and that Pye-Barker should not be allowed to "start over, potentially, in a new forum . . ." *Id.* ¶ 11. It suggest that the Court should consider proper terms for dismissal to include that the litigation and all disputes are final, concluded and with prejudice. *Id.* ¶ 11.

Pye-Barker responds that it has been diligent in moving for dismissal of New Chapco, having only recently reached a settlement with Continental Casualty which has not yet been finalized. Dkt. 39 ¶  5. Only three months has passed since New Chapco's Motion to Dismiss was resolved and since New Chapco answered the Third-Party Complaint. *Id.*  Pye-Barker argues that the case is in the early stages of litigation as no depositions have been taken nor has expert discovery been conducted. *Id.* ¶¶ 5, 6. Finally, Pye-Barker asserts that the statute of limitations on the indemnification claim does not accrue until Pye-Barker makes payment to Continental Casualty and that it should be afforded the opportunity to assess whether and when to pursue its claim. *Id.* ¶ 7.

"A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). In deciding a Rule 41(a)(2) motion, a court considers various factors including the opposing party's effort and expense in litigating, excessive delay, or lack of diligence on the part of the movant, insufficient explanation of the need for a dismissal, and the present stage of the litigation, including whether a dispositive motion is pending. *Hobbs v. Kroger Co.*, No. 98-1831, 1999 U.S. App. LEXIS 5029, 1999 WL 156045, at *1 (4th Cir. Mar. 23, 1999) (unpublished). Although the court must focus on protecting the defendant's interests, a plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice. *See Davis v. USX Corp.*, 819 F.2d 1270,1273 (4th Cir. 1987); *Ellett Bros., Inc. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). Prejudice does not arise from the prospect of a second lawsuit or the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation. *Davis* 819 F.2d at 1273; *James v. Subaru of Am., Inc.* 2020 U.S. Dist. LEXIS 47678, 4 (W.D. Va. 2020).

Here, New Chapco has not expended tremendous effort or incurred excessive expense in litigating thus far, given that no discovery has been conducted. New Chapco filed its answer on August 22, 2024; Pye-Parker filed its Motion for Voluntary Dismissal less than three months later, on November 6th; and Continental Casualty filed a stipulation of dismissal on December 3rd. Given this timeline, Pye-Parker has not excessively delayed nor exhibited a lack of diligence in moving for an involuntary dismissal. Pye-Parker has also sufficiently articulated good reason for the voluntary dismissal in that its claims against New Chapco have not yet accrued and it should be given the opportunity to determine if and when to pursue those claims.

For these reasons, the Court **GRANTS** Pye-Barker's Motion for Voluntary Dismissal Without Prejudice (Dkt. 36) and **DENIES** New Chapco's Cross-Motion to Dismiss With Prejudice (Dkt. 38).

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion & Order to all counsel of record.

Entered this ____9th____ day of January, 2025.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

4